UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CHUN SUK PARK and YOUNG JA LEE,

                       Plaintiff,

-against-

CITY OF NEW YORK; P.O. SALAHUDEEN ABDUL-RAHMANN (Tax No. 937805), SGT. VICTOR BRUNO (Tax No. 901239), DET. VICTOR ROBALINO (Tax No. 937388), DET. DMITRY SHERY (Tax No. 940737), DET. ALBERT MARVELLI (Tax No. 927148), DET. KINGSLEY WIGGAN (Tax No. 933478), DET. DANIEL AYBAR (Tax No. 923258), DET. JOHN DESANTIS (Tax No. 921060), individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-01524 (ILG)(LB)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs Chun Suk Park and Young Ja Lee ("plaintiffs" or "Ms. Park" and "Ms. Lee") are residents of Kings County in the City and State of New York.

7. Police Officers Salahudeen Abdul-Rahmaan, Sgt. Victor Bruno, Det. Victor Robalino, Det. Dmitry Shery, Det. Albert Marvelli, Det. Kingsley Wiggan, Det. Daniel Aybar and Det. John DeSantis ("The Officers") are members of the New York City Police Department who were acting under color of state law and in their capacity as City law enforcement officers at all relevant times. The Officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The Officers are sued in their individual and official capacities.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On or about February 9, 2012 at approximately 6:00 a.m., plaintiff Ms. Park, who was forty-two (42) years old at the time, and her mother, Ms. Lee, who was sixty-eight (68) years old, were lawfully within their home located at 2261 Ocean Avenue, Apt. 1B, Brooklyn, New York.

13. Ms. Park's son, non-party Christopher Lee, was also within the residence.

14. Ms. Park, Ms. Lee and non-party Mr. Lee were sleeping when the defendant, New York City Police Officers, dressed riot gear, forcibly entered the home under the guise of an alleged search warrant.

15. Despite the fact that plaintiffs requested to see a search warrant on several occasions, defendants refused to do so.

16. Defendants screamed at plaintiffs and pointed guns in their faces.

17. Defendants then handcuffed plaintiffs while police ransacked their home leaving it in complete disarray.

18. The officers recovered a small amount of cocaine zipped inside of non-party Mr. Lee's sealed backpack.

19. Mr. Lee informed the officers that plaintiffs, who are his mother and grandmother, did not know about or possess the drugs, and the officers assured him that they would not be arrested.

20. Notwithstanding the fact that plaintiffs did not actually possess, or could not legally constructively possess the contraband, the officers arrested plaintiffs Ms. Lee and Ms. Park.

21. Defendants forcibly removed both Ms. Lee and Ms. Park from their residence and dragged them to a police van.

22. Plaintiffs' first language is not English; they did not understand why they were being arrested, and they were frightened.

23. The officers transported plaintiffs to a police precinct in Manhattan.

24. The officers then transported plaintiffs to the hospital to be treated.

25. From the hospital, defendant officers transported plaintiffs back to their

home in Brooklyn.

26. After spending approximately sixteen (16) hours in custody, plaintiffs were released after the District Attorney's Office declined to prosecute the case against plaintiffs.

27. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

28. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

31. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place plaintiffs under arrest.

46. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

47. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: August 5, 2013
New York, New York


                                                               /ss/
                                           Robert Marinelli
                                           299 Broadway, Suite 1501
                                           New York, New York 10007
                                           (212) 822-1427
                                           robmarinelli@gmail.com

                                           *Attorney for plaintiffs*